**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DENESE SCOTT,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 05-0002 (RWR)** |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

In this Privacy Act case, the plaintiff, an employee of the United States Postal Service, alleges that the defendant, the United States Postal Service, violated her rights by publicly posting a non-public report that revealed that she had suffered a "nervous/psychological" work-related injury or illness. The defendant has filed a motion to dismiss for lack of jurisdiction or, in the alternative, for summary judgment. These motions have been assigned to the undersigned by consent. See May 18, 2006 Order. For the reasons stated herein, an accompanying Order grants the motion to dismiss for lack of jurisdiction.

## I. BACKGROUND

### A. Facts

The plaintiff, Denese Scott, is an employee of the United States Postal Service. During 2002, she sought medical attention for anxiety following an incident at her worksite. As required by law, the Postal Service reported her "work-related" illness to the Occupational Safety and Health Administration ("OSHA"). In early January 2003, again as required by law,

the manager at Scott's worksite, Jerome Hotten, posted OSHA Form 300A, a statistical summary of all work-related injuries and illnesses for calendar year 2002, on the employee bulletin board. At the same time, Hotten also posted OSHA Form 300, a "Log of Work-Related Injuries and Illnesses," which was attached to OSHA Form 300A. OSHA Form 300 is not intended for public display. Indeed, on the top of Form 300 is a box which reads:

> ATTENTION: THIS FORM CONTAINS INFORMATION RELATING TO EMPLOYEE HEALTH AND MUST BE USED IN A MANNER THAT PROTECTS THE CONFIDENTIALITY OF EMPLOYEES TO THE EXTENT POSSIBLE WHILE THE INFORMATION IS BEING USED FOR OCCUPATIONAL SAFETY AND HEALTH PURPOSES.

OSHA Form 300 lists the name of each employee and the type of injury suffered by that employee during the relevant year. For example, Scott's name appears next to a description of her injury as "nervous system/psychological." According to Hotten's uncontroverted declaration, he posted OSHA Form 300 by mistake because he was about to go on vacation and he was rushing around trying to get things done.

On or about January 10, 2003, after Hotten had left on vacation, Scott arrived at work to find a number of her co-workers gathered around the posted OSHA Forms, laughing. They began to make comments to her such as "I didn't know you were crazy," and "I hope you don't come back and kill us." After realizing that their comments were based on what they were reading about her injury on OSHA Form 300, Scott asked her supervisor, Jalen Wellington, to remove it. He refused. He also did nothing to stop the other employees from tormenting Scott. Regina Rogers, another employee and the union representative for the station, also asked Wellington to remove the forms, but he again refused. After approximately 30 minutes of continued teasing, during which time Scott went to the bathroom several times to cry, Scott

removed the forms herself.

Scott ended up leaving work early that day and requesting sick leave. That evening she contacted a crisis therapist through her health plan, who arranged for her to see a psychotherapist that evening. Ultimately, a doctor at her health plan prescribed Xanax and she was in treatment for over a month. She returned to work approximately one month later.

**B. Federal Employees' Compensation Act Claim**

On January 23, 2003, Scott filed a "traumatic injury" claim with the Office of Workers' Compensation Programs (the "Office") seeking to recover under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101 *et seq.,* for the injuries she claimed to have suffered as a result of the January 2003 incident. FECA is a workers' compensation scheme governing civilian employees of the United States, including employees of the United States Postal Service. It provides, subject to certain exceptions not relevant to the present case, that "[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a). It also provides that the "liability of the United States . . . under this subchapter . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States . . . to the employee . . . ." *Id.* § 8116(c). Thus, FECA guarantees employees "the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 193-94 (1983).

In a FECA proceeding "involving emotional conditions," where "working conditions are alleged as factors in causing the disability," the Office:

> must make findings of fact regarding which working conditions are deemed compensable factors of employment and are to be considered by a physician when providing an opinion on causal relationship. If a claimant implicates a factor of employment, the Office should then determine whether the evidence of record substantiates that factor. When the matter asserted is a compensable factor of employment and the evidence of record establishes the truth of the matter asserted, the Office must base its decision on an analysis of the medical evidence.

*Denese Scott*, 2005 WL 2000421 (E.C.A.B. 2004).

On November 8, 2004, the Office issued its final decision denying Scott's claim. The Office found that Scott "had established as factual that the employing establishment posted the injury listing noting her psychiatric condition and that several of her coworkers began teasing and taunting her." *See In re Denese Scott*, 2005 WL 2000421, *3 (E.C.A.B. 2005) (internal quotations omitted). It also concluded "that the posting of the document on the employer's bulletin board was not erroneous or abusive in nature" and, therefore, was therefore not a "compensable factor of employment," but that "the taunting by several of the claimant's coworkers was abusive in nature and, therefore, occurred in the performance of duty." *Id*. In the end, however, the Office denied compensation because Scott "submitted insufficient medical evidence to establish a causal relationship between the accepted work factor and the claimed emotional condition." *Id.*

Scott appealed to the Employee Compensation Appeals Board. On May17, 2005, the Board issued its decision, agreeing that although Scott's alleged injuries were covered by FECA because they had been incurred "while in the performance of duty," she was not entitled to compensation because she failed to provide sufficient medical evidence to establish that her emotional injuries were caused by her co-workers' harassment. *Id*. at *5.

**C. Privacy Act Claim**

On January 5, 2005, while Scott's FECA appeal was still pending before the Board, she filed the instant complaint, alleging that the disclosure of her personal medical information violated her rights under the Privacy Act and that the defendant, the United States Postal Service was liable for that disclosure. Subject to certain exceptions not at issue in the present case, the Privacy Act bars the Postal Service (among other federal agencies) from disclosing an individual's "record" that is "contained in a system of records" to any person except pursuant to a written request by, or written consent from, the individual to whom the record pertains. 5 U.S.C. § 552a(b). If an agency "fails to comply" with this requirement "in such a way as to have an adverse effect on an individual," that individual may bring a civil action against the agency. *Id*. § 552a(g)(1)(D). If a court determines that the agency "acted in a manner that was intentional or willful," the United States is liable for "actual damages sustained by the individual as a result of the refusal or failure," or $1,000, whichever is greater, and "the costs of the action together with reasonable attorney fees as determined by the court." *Id*. § 552a(g)(4) (A) & (B).

Scott contends that the Postal Service is liable under the Privacy Act for the extreme emotional distress, humiliation, anxiety, depression and other mental health consequences allegedly caused by the disclosure of her personal medical information. She seeks $1,000,000 in compensatory damages, attorneys' fees, interest and court costs.[1]

On July 27, 2005, the defendant filed a motion to dismiss the complaint for lack of jurisdiction or, in the alternative, for summary judgment.

---

[1]Inexplicably, the complaint made no mention of Scott's then-pending FECA claim.

## II. DISCUSSION

### A. Motion To Dismiss for Lack of Jurisdiction

The defendant argues that the Court lacks subject matter jurisdiction because FECA provides the exclusive basis for Scott to recover for her injuries. *See* 5 U.S.C. § 8116(c). The plaintiff concedes that the Board's decision precludes her from seeking compensation under the Privacy Act on the theory that her injuries were caused by her co-workers' harassment. However, she maintains that she is not barred from seeking compensation for those same injuries on the theory that they were caused by the posting itself because the Board ruled that the posting was an administrative act that was not a "compensable factor of employment" under FECA.[2] According to the plaintiff, therefore, even if FECA covers a particular injury, a federal employee may nonetheless seek compensation for that same injury under the Privacy Act if the injury has multiple causes, some of which do not provide a basis for FECA coverage.

The plaintiff's theory reflects a misunderstanding of the nature and purpose of FECA's exclusivity provision. If an injury is covered by FECA, the United States has no other liability to the employee for that injury. *See*, *e.g.*, *Spinelli v. Goss*, 446 F.3d 159 (D.C. Cir. 2006). And the sole responsibility for deciding whether FECA applies lies with the Secretary of Labor; and there is no judicial review of that determination. *See Southwest Marine, Inc. v. Gizoni,* 502 U.S. 81, 90 (1991) ("[T]he courts have no jurisdiction over FTCA claims where the Secretary of Labor

---

[2]Despite the fact that the jurisdictional issue raised by the defendant is based on the argument that FECA provided exclusive coverage for the plaintiff's injuries, neither party's brief even mentions Scott's FECA claim. After discovering independently that Scott had, in fact, sought compensation under FECA for her injuries, and that the Board had found her injuries to be covered by FECA, the Court ordered the plaintiff to show cause why the Board's decision on Scott's FECA claim was not dispositive of the jurisdictional issue before the Court. See Order filed July 24, 2006.

determines that FECA applies.”).

As is apparent from the Board’s analysis in this and other cases, the Board looks at the various possible causes of the alleged injury simply to try and answer the key statutory question – whether the employee has alleged a injury covered by FECA. *See*, *e.g.*, *In re James H. Botts*, 1999 WL 33101928 (E.C.A.B. 1999) (“This error in the administrative action taken by the employing establishment establishes a compensable factor of employment, thereby bringing appellant's claim within the scope of coverage of workers' compensation.”) *In re Kristie L. Harris*, 2006 WL 1041958 (E.C.A.B. 2006) (“As appellant established one compensable factor of employment, i.e., that at times she was not furnished with appropriate equipment, the medical evidence must be analyzed.”). If the answer to that question is yes, then FECA is the employee’s only route to compensation for that injury. Any other interpretation of the statute would render the exclusivity provision meaningless. And even though Scott was ultimately denied compensation under FECA based on a lack of competent medical evidence, that is immaterial to the issue of the Court’s jurisdiction. *See*, *e.g*., *Spinelli v. Goss*, 446 F.3d 159, 161 (D.C. Cir. 2006) (plaintiff-employee’s Federal Tort Claims Act claim precluded by FECA based on Secretary of Labor’s unreviewable determination that FECA applied to the plaintiff-employee’s injuries, even though plaintiff did not actually receive compensation for the post-traumatic stress disorder under FECA).

Accordingly, the defendant’s motion to dismiss for lack of jurisdiction will be granted.

**B. Defendant’s Motion for Summary Judgment**

The defendant contends that even if there were jurisdiction, it would be entitled to summary judgment because the plaintiff cannot show, as required by the Privacy Act, that (1) the

information disclosed was not part of a "system of records"; (2) she suffered an "adverse effect" from the disclosure; (3) the Postal Service released the information "intentionally or willfully"; or (4) that she sustained "actual damages." Having concluded that the defendant's motion to dismiss for lack of jurisdiction will be granted, the defendant's motion for summary judgment will be denied as moot, obviating any occasion to address these arguments.

/s/

DATED: September 26, 2006

Louis F. Oberdorfer
UNITED STATE DISTRICT JUDGE